## DOMINICK McCUE v. KNOXVILLE BOROUGH.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 3, 1891—Decided January 4, 1892.

1. In trespass against a borough, to recover damages received by the plaintiff by accidentally stepping, of a dark night, into a hole in a board-walk, out of repair for several weeks, the testimony on behalf of the plaintiff showing due care on his part, it was not error to refuse an instruction to find for the defendant.
2. A physician and surgeon, who attended the plaintiff, having testified that the injuries received were of a permanent character, it was not error to permit him to testify as to the expectation of life of a healthy man of the plaintiff's age, as shown by the mortality tables: Steinbrunner v. Railway Co., ante, 504.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 99 October Term 1891, Sup. Ct.; court below, No. 526 January Term 1890, C. P. No. 2.

To the first Monday of January, 1890, Dominick McCue brought trespass against the borough of Knoxville. Issue.

At the trial, on January 15, 1891, testimony was introduced on the part of the plaintiff to the effect that, in 1889, the plaintiff, fifty-one years of age, was employed as a watchman at the Pittsburgh Shoe Factory and other business places in Knoxville borough; that, on Zara street passing the shoe factory, there was a board-walk, and in it in front of the factory were two holes, near each other, each large enough to allow a man's foot to go through; that the plaintiff had knowledge of

the holes as they had been there for two or three weeks; that, during the night of March 21, 1889, he had made several trips to and from the factory in safety, by going upon the ground at the side of the walk until he had passed the point where the holes were; that, about four o'clock in the morning when it was very foggy and dark and the oil in his lantern burned out, he was on his way to the factory, and, mistaking the position of the holes, stepped into one of them and was severely injured; that the route he traveled was the nearest and best, he was not under the influence of liquor, and was exercising due care and caution.

Dr. John M. Duff, a physician and surgeon, having testified as to the injuries to the plaintiff's leg, and that they were of a permanent character, was asked as to the expectation of life of a healthy man of the plaintiff's age, from the mortality tables. Objected to.

By the court: Objection overruled; exception.[3]

The witness testified that the expectation of life of a healthy man of the plaintiff's age, according to the tables, was about or nearly twenty-one years.

On the part of the defendant borough, testimony was introduced to the effect that the board-walk was not out of repair; that there were no holes in it; that it was lighted by gas lights or torches; that the plaintiff carried a lighted lantern, and was under the influence of liquor; that at four o'clock he was at the factory, remained there till six o'clock, showed no signs of injury, and made no mention of his accident further than that he had sprained his ankle.

At the close of the testimony, the court, MAGEE, J., submitted the questions of the defendant's negligence and contributory negligence on the part of the plaintiff to the jury, and answered one of the points presented as follows:

The defendant's counsel request the court to charge:

8. Under the pleadings and evidence in the case, your verdict should be for the defendant.

Answer: This point is refused. I decline to say, under the facts and circumstances, as a matter of law to be determined by the court, what your verdict should be.[1] [2]

—The jury returned a verdict for the plaintiff for $500. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

Statement of Facts.

1, 2. The answer to the defendant's point.[1] [2]

3. The admission of the plaintiff's offer.[3]

*Mr. J. P. Hunter* (with him *Mr. W. B. Rodgers*), for the appellant.

*Mr. Charles L. Powers* (with him *Mr. R. J. Powers*), for the appellee.

PER CURIAM:

This case could not have been withdrawn from the jury, as requested by the defendant's eighth point. The only other question is as to the admissibility of the evidence based upon the Carlisle tables. This question has just been disposed of in Steinbrunner v. Railway Co., decided herewith, ante, 504.

Judgment affirmed.